Date Signed:
June 13, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re GENERAL INVESTMENTS, INC., <br><br> Debtor. | Case No. 12-00745 <br> Chapter 11 <br><br> Re: Docket No. 222 |

## MEMORANDUM OF DECISION ON TURNOVER MOTION

General Investments, Inc., the debtor in this case, leased land in Waikiki and subleased fractional interests in it to the owners of apartments in the Waikiki Skyliner condominium project. General Investments filed this case because the fee simple owners of the land were attempting to terminate General Investments' lease.

General Investments has settled its dispute with the fee owners by surrendering its interest in the property to the fee owner, subject to the apartment subleases, in exchange for certain promised payments.[1] General Investments has

---

[1] Dkt. 171.

also paid all timely filed prepetition claims, all professional fees have been approved, and I have directed that the case will be dismissed once certain steps are carried out.[2] The only matter that remains to be decided in this case is the turnover to General Investments of sublease rents held by the managing agent for the Association of Apartment Owners of Waikiki Skyliner (AOAO).

General Investments filed a motion for turnover.[3] Responses to the motion were due on June 12, 2014.[4] Neither the AOAO nor its managing agent filed a response.

Prior to the deadline, Susan K. Weiss, one of the apartment sublessees, submitted a document to the court.[5] It is not clear that Ms. Weiss objects to the specific relief sought in the turnover motion. Assuming that she does object, I will overrule her objection.

Ms. Weiss makes a number of allegations and complaints about the AOAO. She takes issue with the fact that the AOAO has raised her assessments, which has had an adverse impact on her and other seniors living on fixed incomes. In

---

[2] Dkt. 199, 253.

[3] Dkt. 222.

[4] Dkt. 241.

[5] Dkt. 246.

2

addition, she complains about her cable television service, the condition of the property, and excessive legal fees the AOAO has incurred (among other things).

The bankruptcy court's power is limited to proceedings under the Bankruptcy Code, proceedings arising under the Bankruptcy Code or arising in a bankruptcy case, and proceedings related to a bankruptcy case.[6]

The bankruptcy court does not have jurisdiction to decide Ms. Weiss' complaints. All of her complaints concern the AOAO and its management decisions. None of them states a claim for relief against General Investments. None of her contentions has anything to do with this bankruptcy case. If her contentions have merit, she must assert them in another forum.

Therefore, I will cancel the hearing[7] and grant the motion for turnover. Counsel for General Investments is directed to submit an appropriate order forthwith.

**END OF DECISION**

---

[6] 28 U.S.C. § 157(b).

[7] LBR 9021-1(b).